**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-985C

(Filed: February 19, 2016)
**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **ROBERT W. BATES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
FEB 19 2016
U.S. COURT OF
FEDERAL CLAIMS

Robert W. Bates, Fort Lauderdale, Florida, *pro se*.

Ryan M. Majerus, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for defendant. With him on the briefs were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**ORDER**

LETTOW, Judge.

The complaint filed by plaintiff Robert W. Bates asserts claims against an unnamed doctor premised on medical negligence and discrimination. Compl. at 12-15. Mr. Bates' complaint includes few allegations of fact, but exhibits attached to it provide some factual context. According to these exhibits, Mr. Bates went to a county hospital in New Jersey reporting chest pain on June 17, 2008. Compl. at 1. He was there diagnosed with atypical chest pain. Compl. at 1. Later that day, he went to a different hospital, which diagnosed him as having had a heart attack. Compl. at 1. He filed suit against the first hospital in New Jersey state court, and during those proceedings his then lawyer received expert opinions that the hospital's staff had failed to adhere to minimal standards of care. Compl. at 1-2, 8. The exhibits appended to the complaint do not explain whether or how this state court case was resolved. Of particular relevance to this court, the complaint and its exhibits make no reference to actions of the federal government.

Defendant has filed a motion to dismiss pursuant to Rule 12 of the Rules of the Court of Federal Claims ("RCFC"), contending that this court lacks jurisdiction over tort claims against private parties. Def.'s Mot. to Dismiss, ECF No. 8. Because Mr. Bates appears *pro se*, the court holds him to less stringent standards than plaintiffs represented by counsel, searching the complaint and record "to see if plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). This leniency, however, does not extend to plaintiff's burden of establishing jurisdiction. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). This court has jurisdiction under the Tucker Act "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Jurisdiction under the Tucker Act extends only to suits against the United States, not "private parties." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

Mr. Bates makes no allegations against the United States. Instead, the exhibits to his complaint show that his claims of medical negligence and discrimination are against private parties. *See* Compl. at 1, 12-15. Accordingly, this court does not have jurisdiction over his case. *See Potter v. United States*, 124 Fed. Cl. 469, 474 (2015) (dismissing claims against private healthcare service provider for lack of jurisdiction). Alternately, "[b]ecause medical negligence claims sound in tort," plaintiff's negligence claim "falls outside the subject matter jurisdiction of this court." *See Harvey v. United States*, No. 09-164, 2009 WL 3423518, at *1 (Fed. Cl. Oct. 20, 2009). For these reasons, the court dismisses plaintiff's case for lack of jurisdiction pursuant to RCFC 12(h)(3).

The court also *sua sponte* raises and declines transfer of the case pursuant to 28 U.S.C. § 1631, which provides that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought[.]" Transfer is not in the interest of justice when the complaint fails to state a claim. *See Bedell v. United States*, __ Fed. Appx. __, __, 2016 WL 520025, at *1 (Fed. Cir. Feb. 10, 2016) (affirming decision not to transfer *pro se* case because plaintiff's allegations were insufficient to state a claim); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint must contain sufficient factual matter, accepted as true, to state a plausible claim for relief). And, even when liberally construed, Mr. Bates' complaint and exhibits do not allege facts showing that his complaint could have been brought jurisdictionally in another federal court. Among other things, the complaint does not identify who the defendants may be. In these circumstances, transfer is not appropriate.

## CONCLUSION

The government's motion to dismiss is GRANTED.[1]  The clerk is directed to issue final judgment in accord with this disposition.

No costs.

It is so ORDERED.

Charles F. Lettow
Judge

---

[1] Mr. Bates' application to proceed *in forma pauperis* is GRANTED. ECF No. 2.